IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION** |
| v. ) | |
| ) | **No. 07-2051-CM** |
| ) | |
| **TAMARA J. RANDALL,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## ORDER

This case is presently before the court because defendant Tamara J. Randall has twice failed to comply with court orders. Magistrate Judge Waxse ordered the parties to participate in a Rule 26(f) planning conference by June 7, 2007 (Doc. 5). When defendant failed to participate, Judge Waxse ordered her to show cause why he should not impose sanctions (Doc. 8). Defendant timely responded, and Judge Waxse scheduled a hearing for July 27, 2007 to discuss defendant's response to the show cause order (Doc. 13). Defendant failed to appear for the July 27 hearing, and Judge Waxse then ordered defendant to show cause why default judgment should not be entered against her for failure to comply with the previous orders of the court (Doc. 20). Defendant responded in writing to Judge Waxse's order on August 2, 2007 (Doc. 22).

Defendant's response to Judge Waxse's order does not demonstrate good cause for her failure to comply with two court orders. She appears to contend that she need not participate in the case because she does not owe plaintiff any money. This is an invalid reason for failing to comply with court orders.

Rule 16(f) of the Federal Rules of Civil Procedure provides that the court may sanction a

party if she fails to obey a scheduling order or if she fails to appear at a scheduling conference. Rule 55 authorizes the entry of default when a defendant fails to plead or otherwise defend an action and that fact has been made apparent to the court.

Default judgment, which may be entered after default is entered, is also available as a sanction. *Fin. Instruments Group, Ltd. v. Leung*, 30 Fed. App'x 915, 919 (10th Cir. 2002). But "[b]ecause a default judgment is a harsh sanction, due process requires that 'failure' is a sufficient ground only when it is the result of 'willfulness, bad faith, or [some] fault of petitioner' rather than inability to comply." *M.E.N. Co. v. Control Fluidics, Inc.*, 834 F.2d 869, 872 (10th Cir. 1987) (citations omitted). A willful failure is "any intentional failure as distinguished from involuntary noncompliance. No wrongful intent need be shown." *In re Standard Metals Corp.*, 817 F.2d 625, 628 (10th Cir. 1987) (citations omitted).

Defendant has failed to participate in this case on two occasions. Based on defendant's responses to Judge Waxse's show cause orders, her nonparticipation appears to have been a conscious, willful choice. Defendant responded to the orders to show cause with reasons why she refused to participate in the case—her first response appeared to challenge the court's jurisdiction and her second response denied that she owed plaintiff any money. In orders dated July 6, 2007 and August 17, 2007, this court informed defendant that her jurisdictional argument lacked merit (Docs. 18 and 23). The court further advised defendant in the August 17 order that she was "expected to continue participating in the case through the close of litigation" (Doc. 23). The court has now, in this order, explicitly informed defendant that her denial of liability is an invalid basis for refusing to participate in the case. **The court will not accept lack of jurisdiction, denied liability, or any other reason previously given by defendant as an excuse for further refusal to participate in**

**the case.** The court also notes that Judge Waxse initially ordered defendant to show cause why lesser sanctions than default judgment should not be imposed, yet defendant again failed to comply with a court order. This indicates to the court that if the court were to sanction defendant, sanctions in a form other than default judgment would be ineffective.

The court will give defendant one more opportunity to participate in this case. Defendant should be prepared to participate in a scheduling conference to be scheduled by Judge Waxse. The court will leave it to Judge Waxse's discretion whether to hold the conference by telephone or in person. **In any event, defendant is advised that if she does not participate in the conference or if she further disobeys any court order, the court will likely enter default judgment against her.** The court will regard her continued failure to participate as a clear indication of the willfulness of her actions and the ineffectiveness of lesser sanctions.

**IT IS THEREFORE ORDERED**.

Dated this 4th day of October 2007, at Kansas City, Kansas.

> **s/ Carlos Murguia**
> **CARLOS MURGUIA**
> **United States District Judge**