## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION** |
| **v.** | ) | |
| | ) | **No. 07-2051-CM** |
| | ) | |
| **TAMARA J. RANDALL,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

### ORDER

This case is before the court because defendant Tamara J. Randall has repeatedly failed to comply with court orders.  Magistrate Judge Waxse originally ordered the parties to participate in a Rule 26(f) planning conference by June 7, 2007 (Doc. 5).  When defendant failed to participate, Judge Waxse ordered her to show cause why he should not impose sanctions (Doc. 8).  Defendant timely responded, and Judge Waxse scheduled a hearing for July 27, 2007 to discuss defendant's response to the show cause order (Doc. 13).  Defendant failed to appear for the July 27 hearing. Judge Waxse then ordered defendant to show cause why default judgment should not be entered against her for failure to comply with the previous orders of the court (Doc. 20).  Defendant responded in writing to Judge Waxse's order on August 2, 2007 (Doc. 22).  On October 4, 2007, this court found that defendant did not demonstrate good cause for her failure to comply with the court orders (Doc. 24).  The court further warned defendant that:

> **if she does not participate in the [scheduling] conference or if she further disobeys any court order, the court will likely enter default judgment against her.**  The court will regard her continued failure to participate as a clear indication of the willfulness of her actions and the ineffectiveness of lesser sanctions.
> On November 29, 2007, Judge Waxse entered another order for defendant to show cause why

the court should not enter default judgment against her for failure to comply with the Order

Regarding Planning and Scheduling because defendant had not attempted to contact counsel for

plaintiff to hold a planning conference per the court's order.  Judge Waxse held a telephone status

conference on December 4, 2007 and then entered another order for defendant to show cause why

sanctions were not appropriate.  In that order, Judge Waxse stated that "[d]efendant refuses to

comply with the court's previous order that the parties confer in regard to scheduling the case."

Defendant responded to Judge Waxse's orders on December 17, 2007.

Defendant's response to Judge Waxse's orders does not demonstrate good cause for her

failure to comply with the court's directives.  Instead, her response is similar to previous responses

that this court has rejected as valid reasons for failing to comply with court orders.  Defendant

claims that plaintiff has not substantiated its claims and spends much of her response reserving the

right to bring separate causes of action against those she feels have wronged her.  Claims of

wrongdoing by the opposing party are not legitimate reasons to refuse to follow court orders.

Rule 16(f) of the Federal Rules of Civil Procedure provides that the court may sanction a

party if she fails to obey a scheduling order or if she fails to appear at a scheduling conference.  Rule

55 authorizes the entry of default when a defendant fails to plead or otherwise defend an action and

that fact has been made apparent to the court.

Default judgment, which may be entered after default is entered, is also available as a

sanction.  *Fin. Instruments Group, Ltd. v. Leung*, 30 Fed. App'x 915, 919 (10th Cir. 2002).  But

"[b]ecause a default judgment is a harsh sanction, due process requires that 'failure' is a sufficient

ground only when it is the result of 'willfulness, bad faith, or [some] fault of petitioner' rather than

inability to comply."  *M.E.N. Co. v. Control Fluidics, Inc.*, 834 F.2d 869, 872 (10th Cir. 1987)

(citations omitted).  A willful failure is "any intentional failure as distinguished from involuntary noncompliance.  No wrongful intent need be shown."  *In re Standard Metals Corp.*, 817 F.2d 625, 628 (10th Cir. 1987) (citations omitted).

Defendant has failed or refused to participate in this case on multiple occasions.  On October 4, 2007, the court warned defendant that it would consider further nonparticipation to be a conscious, willful choice.  The court now regards it as such.  Defendant has never communicated that her non-compliance with the court's orders was inadvertent or the result of an inability to comply.  The court further determines that sanctions less than default judgment would be ineffective. Defendant has repeatedly shown that she will not follow court orders—even after being warned of the probable consequences of her actions.  There is no indication to the court that giving defendant another chance would be fruitful or that monetary sanctions would be paid.  To the contrary, defendant's actions thus far suggest that defendant would disregard the court order.  Moreover, defendant's actions are serving to prejudice plaintiff, as plaintiff must continue expending additional resources in attempting to resolve this case.  Defendant's actions also drain judicial resources; Judge Waxse has scheduled and rescheduled conferences and this court has had to consider twice whether to grant default judgment against defendant.  Defendant is hindering the expedient management of this case, to the detriment of all involved.

The clerk is directed to enter default against defendant.  Plaintiff shall submit evidence of damages within ten (10) days of the date of this order.  Once plaintiff submits evidence of damages, the court will enter default judgment in favor of plaintiff.

**IT IS SO ORDERED**.

Dated this 11th day of February 2008, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**